

| Tagged Opinion |
| --- |

**ORDERED in the Southern District of Florida on July 12, 2010.**

John K. Olson, Judge
United States Bankruptcy Court

---

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
#### Fort Lauderdale Division
##### www.flsb.uscourts.gov

**In re**:

Yovani **Linares,**

      Debtor.

_____/

Case No.: 10-26453-BKC-JKO

Chapter 13

### <u>ORDER GRANTING MOTION TO EXTEND THE AUTOMATIC STAY [DE 8]</u>

The Debtor filed a Motion to Extend the Automatic Stay pursuant to 11 U.S.C. § 362(c)(3)(B), but Creditor Power Financial Credit Union opposes the motion and believes that no automatic stay is in effect under § 362(c)(4)(A)(i). Power Financial argues that the Debtor has had two bankruptcy cases "pending" within the previous year, and the Debtor argues that only one of those cases was so "pending." The issue is whether I should use the date of dismissal or the date of administrative closing to determine whether a prior bankruptcy case was "pending" within the previous year.

-1-

In cases where there is no motion to vacate a dismissal order, it is clear that the case is no longer "pending" once it is dismissed:

> The word "pending" is not defined in the Bankruptcy Code. In cases in which no post-dismissal motions were filed, other courts have construed the meaning of the term "pending" for the purposes of section 362(c) when deciding whether a case is pending until closing or until dismissal. Those courts examined the definition of "pending" in Black's Law Dictionary-"remaining undecided; awaiting decision"-and concluded that a case is no longer pending once it is dismissed.

*In re Lundquist*, 371 B.R. 183, 186-87 (Bankr. N. D. Tex. 2007) (internal citations omitted).

The *Lundquist* decision went on to consider the effect of a motion to vacate a dismissal order, and noted that the date of dismissal is nevertheless preferable to the date of administrative closing for purposes of determining whether a case is "pending:"

> In some instances, the meaning of "pending" advanced by the [creditor] would lead to absurd results in provisions of the Bankruptcy Code that appear to call for parallel construction. For instance, section 521(f)(1) requires a debtor to file a copy of his federal tax return with the court for each tax year ending while the case is pending. However, that section should not require a debtor to file tax returns reflecting time periods after the case is dismissed even if a motion to vacate is brought by a party-in-interest. Similarly, if the [creditor's] construction of pending is adopted in the context of sections 727(a)(12)(b), 1141(d)(5)(c), 1228(f)(2), and 1328(h)(2), arguably creditors would be able to prevent a debtor's discharge by filing motions to vacate judgments or settlements affecting the debtor's liability for debts described in section 522(q)(1)(B).

*Id.* at 188-89. I therefore conclude that the dismissal date is the relevant date here.

This is the Debtor's third bankruptcy filing within the past few years. Her first case was filed on December 11, 2008, dismissed on May 26, 2009, and administratively closed on August 11, 2009. *See In re Yovani Linares*, Case No. 08-28935-RBR (Bankr. S.D. Fla.) (Ray, J.). The Debtor's second case was filed on August 17, 2009, dismissed November 3, 2009, and closed on

November 25, 2009. *See In re Yovani Linares*, Case No. 09-27090-RBR (Bankr. S.D. Fla.) (Ray, J.). This third case was filed on June 11, 2010. Because this bankruptcy petition was filed over one year after the dismissal of the Debtor's first case, only one case was "pending" within the prior year and § 362(c)(4)(A)(i) is inapplicable. The automatic stay therefore took effect on the date of filing. *See* 11 U.S.C. § 362(c)(3)(B).

For the reasons stated on the record at the July 7, 2010 hearing, I find that this case was filed in good faith and will extend the automatic stay as to all creditors pursuant to § 362(c)(3)(B). The Debtor's Motion to Extend the Automatic Stay **[DE 8]** is accordingly **GRANTED**.

SO ORDERED.

# # #

Copies to:   All interested parties registered to receive notice.